UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TODD ROBBEN, | No. 2:16-cv-3023 KJM AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA SUPREME COURT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state tort law. He has also filed a motion to stay. ECF No. 8. The court notes that the Inmate Locator website operated by the California Department of Corrections and Rehabilitation (CDCR) indicates that plaintiff is currently incarcerated at the California City Correctional Facility and a copy of this order and findings and recommendations will be served on him at that location as well as at his address of record. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

1

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. Complaint

Plaintiff alleges that various state courts and state court clerks violated his rights under the Fourteenth and First Amendments when they did not file documents in his court cases and in some instances mailed them back to him. ECF No. 1 at 2. He further alleges that this same conduct constituted conspiracy under the Racketeer Influenced and Corrupt Organizations Act (RICO) and fraud. He seeks compensatory and punitive damages, as well as declaratory and injunctive relief in the form of an order vacating various judgements and implementing new policies and procedures. Id. at 6.

## III. Failure to State a Claim

Plaintiff's claims against the state courts are barred by Eleventh Amendment immunity and must therefore be dismissed. Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (citations omitted) (claims against state courts under § 1983 are barred by the Eleventh Amendment); Greenlaw v. County of Santa Clara, 125 F. App'x 809, 810 (9th Cir. 2005) (citation omitted) (claims against state court under § 1983, RICO, and state tort law are barred by Eleventh Amendment).

His claims against the court clerks are also barred because "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987) (citing Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979); Shipp v. Todd, 568 F.2d 133, 134 (9th Cir. 1978); Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969); Sharma v. Stevas, 790 F.2d 1486 (9th Cir. 1986)). "The commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process." Mullis, 828 F.2d at 1390 (citations omitted). As the individuals through whom filing is done, court clerks have quasi-judicial immunity for refusing to file documents. Id. (clerks entitled to quasi-judicial immunity where they refused to accept amended petition); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979)

(superior court clerk's "failure, if any, to perform a ministerial duty which was a part of judicial process is also clothed with quasi-judicial immunity" (citations omitted)); In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002) (quasi-judicial immunity can extend to court clerks "for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function" (citing Moore v. Brewster, 96 F.3d 1240 (9th Cir. 1996))); Haile v. Sawyer, 76 F. App'x 129, 130 (9th Cir. 2003) (citation omitted) (state court clerk entitled to quasi-judicial immunity where claims were based on clerk's filing of court papers). This immunity extends to civil RICO and fraud claims. See Van Beek v. AG-Credit Bonus Partners, 316 F. App'x 554, 555 (9th Cir. 2008) (RICO claim barred by judicial immunity); Scheidler v. Avery, No. C12-5996 RBL, 2015 WL 7294544, at *11, 2015 U.S. Dist. LEXIS 155494, at *30 (W.D. Wash. Nov. 17, 2015) (court clerks entitled to quasi-judicial immunity from claims under § 1983 and RICO); Brumbaugh v. Comerica Bank, No. 07-CV-0786 JAH (POR), 2008 WL 11337490, at *8 (S.D. Cal. Feb. 27, 2008) (court clerk entitled to quasi-judicial immunity from RICO claims based on the filing of documents); Moore, 96 F.3d at 1244 (clerk of the court entitled to quasi-judicial immunity even if he deceived plaintiff regarding status of bond); Sharma v. Stevas, 790 F.2d 1486, 1486 (9th Cir. 1986) (citation omitted) (clerk of the court had absolute quasi-judicial immunity from claims under Federal Tort Claims Act for activities that "were an integral part of the judicial process").

To the extent plaintiff is attempting to bring claims under state law, because he has failed to state a cognizable claim for relief under federal law, this court should decline to exercise supplemental jurisdiction over plaintiff's putative state law claims.[1] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31

---

[1] The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

1 | (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

V. <u>Motion to Stay</u>

In light of the recommendation that the complaint be dismissed without leave to amend, plaintiff's motion to stay the proceedings will be denied as moot.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your complaint should be dismissed without leave to amend because even if your claims are true, the state courts and clerks of court are immune from a civil suit.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay (ECF No. 8) is denied as moot.

2. The Clerk of the Court is directed to serve plaintiff with a copy of this order and findings and recommendations at both his address of record and at the California City Correctional Facility, P.O. Box 2626, California City, CA 93505.

IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

////

////

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 19, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE