UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD CHRISTIAN ROBBEN, | No. 2:16-cv-3023 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA SUPREME COURT, et al., | |
| Defendants. | |

By order filed October 31, 2018, this action was dismissed (ECF No. 15) and judgment was entered on November 5, 2018 (ECF No. 16). On November 7, 2018, plaintiff filed a motion for reconsideration.[1] ECF Nos. 51, 52.

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted). Because plaintiff's

---

[1] Because plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

motion for reconsideration was filed within twenty-eight days of the entry of judgment, the court considers the motion under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

Plaintiff's motion for reconsideration argues that in dismissing his case, the court relied in part on grounds not set forth in the findings and recommendations, thereby denying him the opportunity to object to those grounds. ECF No. 17. Specifically, he asserts the court was incorrect that he was trying to challenge the length of his sentence through an action under 42 U.S.C. § 1983, and that what he was seeking was an order requiring the California Supreme Court and Third District Court of Appeal to file his documents in various cases. *Id.*

Contrary to plaintiff's claim, the complaint requests that the court "vacate various orders/decisions/judgments to be determined," not that the state courts be ordered to accept his filings. ECF No. 1 at 6. However, even if the court misunderstood plaintiff's request for relief, and what he is seeking is in fact an order directing the state courts to file his documents, dismissal was still proper as this court does not have authority to grant the relief plaintiff seeks. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (citations omitted); *Demos v. U.S. Dist. Court for the E. Dist. Wash.,* 925 F.2d 1160, 1161 (9th Cir. 1991) (holding that the "court lack[ed] jurisdiction to issue a writ of mandamus to a state court" where plaintiff sought an order compelling state court to accept his filings). Petitions that seek "to obtain a writ in this court to compel a state court to take or refrain from some action . . . are frivolous as a matter of law." *Demos*, 925 F.2d at 1161-62.

2

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 17) is denied and, upon reconsideration, the order dismissing the complaint without leave to amend is affirmed.

DATED: January 24, 2019.

_____
UNITED STATES DISTRICT JUDGE